FILED
June 21, 2021
KAREN MITCHELL
CLERK, U.S. DISTRICT COURT

# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit
**FILED**
June 4, 2021
Lyle W. Cayce
Clerk

No. 20-10549
Summary Calendar

United States of America,

*Plaintiff—Appellee,*

versus

Henry Echarte-Rivero,

*Defendant—Appellant.*

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:19-CR-36-1-Y

Before Jones, Barksdale, and Stewart, *Circuit Judges.*

Per Curiam:[*]

Henry Echarte-Rivero was convicted by a jury of conspiracy to possess, with intent to distribute, 50 grams or more of methamphetamine, in violation of 21 U.S.C. §§ 841 and 846. He was sentenced to, *inter alia*, a below-Sentencing Guidelines sentence of 188 months' imprisonment.

---

[*] Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 20-10549

Although post-*Booker*, the Sentencing Guidelines are advisory only, the district court must avoid significant procedural error, such as improperly calculating the Guidelines sentencing range. *Gall v. United States*, 552 U.S. 38, 46, 51 (2007). If no such procedural error exists, a properly preserved objection to an ultimate sentence is reviewed for substantive reasonableness under an abuse-of-discretion standard. *Id.* at 51; *United States v. Delgado-Martinez*, 564 F.3d 750, 751–53 (5th Cir. 2009). In that respect, for issues preserved in district court, as in this instance, its application of the Guidelines is reviewed *de novo*; its factual findings, only for clear error. *E.g.*, *United States v. Cisneros-Gutierrez*, 517 F.3d 751, 764 (5th Cir. 2008).

Solely at issue on appeal is Echarte's claiming the district court erred in denying a minor-role reduction to his offense level. Whether a defendant qualifies for a mitigating role adjustment under Guideline § 3B1.2 is a factual finding reviewed, as discussed above, only for clear error. *United States v. Torres-Hernandez*, 843 F.3d 203, 207 (5th Cir. 2016). A factual finding is not clearly erroneous if it is "plausible in light of the record as a whole". *Id.* (citation omitted). Echarte presents two bases in support of his claim.

First, he contends a role adjustment was required because the Government asserted to the jury he played "a minor part" in a larger conspiracy (separate, but related to, the conspiracy from which Echarte's conviction stems). Those Government assertions came, however, after the jury heard testimony regarding a larger, years-long conspiracy investigation by the FBI, and the Government stated correctly the law regarding participation in a conspiracy. "When a sentence is based on an activity in which a defendant was actually involved, § 3B1.2 does not require a reduction in the base offense level even though the defendant's activity in a larger conspiracy may have been minor or minimal." *United States v. Stanford*, 823 F.3d 814, 852 (5th Cir. 2016) (citation omitted).

No. 20-10549

For his other basis, Echarte claims the court overruled his objection for sentencing because of its erroneous determination he was integral to the conspiracy. He contends there was no evidence he was involved in organizing the transaction or knew the scope of the conspiracy.

This contention ignores the trial testimony of FBI agents and a co-conspirator. Additionally, the court considered Echarte's substantial aid in the transportation and attempted delivery of three kilograms of methamphetamine with full knowledge of the scope and goals of the conspiracy and his own role in the offense. It also considered Echarte's negotiating with his co-conspirators about the delivery, and his acting as a lookout or backup when a co-defendant received the methamphetamine from another individual. Given all the above, the court's finding Echarte was an average participant is plausible in the light of the record as a whole. *See Torres-Hernandez*, 843 F.3d at 207.

AFFIRMED.

# *United States Court of Appeals*
**FIFTH CIRCUIT**
**OFFICE OF THE CLERK**

**LYLE W. CAYCE**
**CLERK**

**TEL. 504-310-7700**
**600 S. MAESTRI PLACE,**
**Suite 115**
**NEW ORLEANS, LA 70130**

June 04, 2021

MEMORANDUM TO COUNSEL OR PARTIES LISTED BELOW

Regarding:  Fifth Circuit Statement on Petitions for Rehearing
            or Rehearing En Banc

       No. 20-10549    USA v. Echarte-Rivero
                       USDC No. 4:19-CR-36-1

Enclosed is a copy of the court's decision. The court has entered judgment under Fed. R. App. P. 36. (However, the opinion may yet contain typographical or printing errors which are subject to correction.)

Fed. R. App. P. 39 through 41, and 5th Cir. R. 35, 39, and 41 govern costs, rehearings, and mandates. **5th Cir. R. 35 and 40 require you to attach to your petition for panel rehearing or rehearing en banc an unmarked copy of the court's opinion or order.** Please read carefully the Internal Operating Procedures (IOP's) following Fed. R. App. P. 40 and 5th Cir. R. 35 for a discussion of when a rehearing may be appropriate, the legal standards applied and sanctions which may be imposed if you make a nonmeritorious petition for rehearing en banc.

<u>Direct Criminal Appeals</u>.  5th Cir. R. 41 provides that a motion for a stay of mandate under Fed. R. App. P. 41 will not be granted simply upon request. The petition must set forth good cause for a stay or clearly demonstrate that a substantial question will be presented to the Supreme Court. Otherwise, this court may deny the motion and issue the mandate immediately.

<u>Pro Se Cases</u>.  If you were unsuccessful in the district court and/or on appeal, and are considering filing a petition for <u>certiorari</u> in the United States Supreme Court, you do not need to file a motion for stay of mandate under Fed. R. App. P. 41. The issuance of the mandate does not affect the time, or your right, to file with the Supreme Court.

<u>Court Appointed Counsel</u>.  Court appointed counsel is responsible for filing petition(s) for rehearing(s) (panel and/or en banc) and writ(s) of certiorari to the U.S. Supreme Court, unless relieved of your obligation by court order. If it is your intention to file a motion to withdraw as counsel, you should notify your client promptly, **<u>and advise them of the time limits for filing for rehearing and certiorari</u>**. Additionally, you MUST confirm that this information was given to your client, within the body of your motion to withdraw as counsel.

Sincerely,

LYLE W. CAYCE, Clerk

By:_____
Nancy F. Dolly, Deputy Clerk

Enclosure(s)

Mr. Stephen S. Gilstrap
Mr. Alberto Munguia
Ms. Leigha Amy Simonton